FILED

AUG 26 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
MODESTO DIVISION

In re ) Case No. 04-94389-A-13
)
ROBERT and SHAMIRAN BEITSAYAD, ) Docket Control No. DCJ-1
)
Debtors. ) Date: July 25, 2005
) Time: 2:30 p.m.
)
_____ )

**MEMORANDUM DECISION**

Creditors Dan Sorori and Shahnaz Sorori (collectively, "the creditors") object to confirmation of the amended chapter 13 plan proposed by debtors Robert and Shamairan Beitsayad. Their objection was originally set for hearing on May 16, 2005. However, the court continued the hearing in order to hear the testimony of two expert witnesses, John Burgess (the creditors' appraiser) and Wenfu Shieh (the debtors' appraiser). To accommodate the parties, the court continued the hearing until July 25, 2005.

Mr. Sorori holds a judgment for $37,648 against the debtors. Ms. Sorori, Mr. Sorori's daughter, holds a separate and distinct judgment against the debtors for $33,917.[1] Both judgments are secured by judicial liens encumbering the debtors' residence located at 1605 Woodcrest Way in Modesto, California ("the

---

[1] Both judgment amounts are as of the petition date.

property"). The debtors have claimed without objection a $75,000 homestead exemption in their equity in the property.

The property is encumbered by a first deed of trust held by Option One and securing a debt of $234,898.91. According to the amended plan and the motions, the debtors' appraiser, Mr. Shieh, holds a second deed of trust securing a claim of approximately $9,000. This represents a commission incurred by the debtors for Mr. Shieh's services as a real estate broker in connection with their purchase of the property.

The property is also encumbered by a lien for unpaid real property taxes totaling $7,016.68.

These three liens are superior to two judicial liens held by the creditors.

The debtors' proposed amended plan and two related motions to avoid the two judicial liens held by the creditors are based on a $337,000 valuation of the property. At this valuation, and after deducting the three senior liens and the debtors' $75,000 homestead exemption, there is $11,084.56 of equity available to secure the creditors' two judicial liens.

```
Value              $337,000.00
Option One        ($234,898.81)
Shieh             (  $9,000.00)
Taxes             (  $7,016.68)
Homestead         ( $75,000.00)
Remainder           $11,084.51
```

The amended plan and the lien avoidance motions propose to divide this $11,084.51 in remaining equity equally between the two creditors and to avoid the remainder of their liens pursuant to 11 U.S.C. § 522(f)(1)(A). The amended plan will pay each creditor $5,542.26 with 8% interest.

The creditors do not object to the division of the nonexempt equity between them. They do, however, object to the valuation of the property. They contend that the property has a value of $379,000 and, therefore, the debtors have $128,084 in equity. After deducting the debtors' $75,000 homestead exemption, $53,084.51 remains to secure their judicial liens.

The creditors object to the lien avoidance motion to the extent the debtors seek to reduce their judicial liens to less than $53,084.51. Additionally, because the amended plan will not pay the present value of $53,084.51 on account of their secured claims, the creditors contend that the plan does not comply with 11 U.S.C. § 1325(a)(5)(B). As explained below, there is merit to these objections.

There is no merit, however, to the creditors' other objections. For instance, the fact that the creditors have not accepted the proposed treatment is not an impediment to confirmation. While 11 U.S.C. § 1325(a)(5)(A) permits a secured creditor and a chapter 13 debtor to agree to a particular treatment of a secured claim, their agreement is not necessary to confirmation.

Nor are the debtors required to surrender the property to the creditors because the creditors have not accepted the plan. Section 1325(a)(5)(C) gives a chapter 13 debtor the option of surrendering collateral in order to satisfy a secured claim but the debtor is not required to surrender the collateral for a secured claim if the creditor does not accept the plan. See 11 U.S.C. § 1325(a)(5)(C).

///

The debtors may, without the consent of the creditors and without surrendering the property, propose to pay their secured claims in full pursuant to section 1325(a)(5)(B). Section 1325(b)(5)(B) requires that the creditors retain their liens and be paid the allowed amounts of their claims.

Contrary to the objection, the plan does provide for the retention of the creditors' liens. The plan places the creditors' secured claims in Class 2 and provides: "<u>Each secured claim will continue to be secured by its existing lien</u> and will be paid its full amount or the market value of its collateral, whichever is less if permitted by § 1322(b)(2), with interest." [Emphasis added.] The liens of the creditors, then, are preserved by the amended plan. The objection alleging the contrary will be overruled.

The amended plan also provides that "[t]he proof of claim, not the plan or the schedules, shall determine the amount and classification of a claim. If a claim is provided for by this plan and a proof of claim is filed, dividends shall be paid based upon the proof of claim <u>unless the granting of a valuation or a lien avoidance motion</u>, or the sustaining of a claim objection, <u>affects the amount or classification of the claim</u>." [Emphasis added.]

Consequently, if the court grants the lien avoidance motion and thereby strips down the amount owed to both creditors to $11,084.51, the plan will satisfy the requirements of section 1325(a)(5)(B).[2] That is, the allowed amount of the claims,

---

[2] No objection as been raised to the interest rate, 8%, proposed by the amended plan.

$11,084.51, will be paid in full and with interest, and the creditors will retain their liens until their claims are paid the present value of $11,084.51.

However, the court will not grant the lien avoidance motions as requested by the debtors. The court agrees with the valuation advocated by the creditors, $379,000. Further, the amounts owed on some of the senior liens are less than scheduled by the debtors. This increases the amount of nonexempt equity.

As indicated in Mr. Shieh's proof of claim, his deed of trust secures a debt of $6,830.68, rather than the $9,000 stated in the lien avoidance motion and the amended plan.[3] This raises the amount of nonexempt equity, by $2,169.32.

As to the value of the subject property, the court concludes that it had a fair market value of $379,000 on the date of the petition. This results in a further $42,000 of nonexempt equity.

The court adopts the $379,000 value for the following reasons:

- This value is consistent with Mr. Burgess' opinion.
- The court does not believe that Mr. Burgess misinformed the debtors that he had a court order to inspect the property. The court notes that no attempt was made at the evidentiary hearing to question Mr. Burgess on this point. Further, even if he had advised the debtors that he had a court order permitting him to

---

[3] The court takes judicial notice of Mr. Shieh's proof of claim filed on March 4, 2005 as well as the absence in the court file of any objection to his proof of claim.

inspect the property, such misrepresentation does not impact the validity or reliability of his opinion.

- His opinion is consistent with the opinion of Bob Brazeal. He opined the property had a value of $375,000.
- Mr. Burgess' opinion takes into account the condition of the property.
- The court questions Mr. Shieh's objectivity given that he is a creditor in this case.
- The court considers the premise of the opinions of the debtors and their experts [that costs of repair must be deducted from fair market value] to be flawed. The price a willing buyer will pay will take into account the condition of the property and the cost of repairs. To reduce the fair market value by the cost of repairs is duplicative.

With a homestead exemption of $75,000, a fair market value of $379,000 rather than $337,000, and senior liens of $244,084.81 rather than $250,915.49, there is $59,915.19 in nonexempt equity. To the extent the creditors' judgments, as of the petition date, exceeded $59,915.19, their judicial liens are avoidable.[4] See 11 U.S.C. § 522(f)(1)(A) & (f)(2)(A). However, their combined secured claims of $55,253.82 must be paid in full as required by section 1325(a)5)(B). Because the amended plan does not do so, it cannot be confirmed.

///

---

[4] $379,000 − ($75,000 + $234,898.81 + 7,016.69 + $6,830.68) = $55,253.82.

Separate orders granting in part each lien avoidance motion and denying confirmation of the amended plan will be entered. Counsel for the debtors shall lodge conforming orders on each lien avoidance motion. Counsel for the creditors shall lodge a proposed order denying confirmation of the amended plan and sustaining, in part, the objections to it. This order shall give the debtors 15 days from entry of the order to file a second amended plan and a motion to confirm it. Once filed, the debtors shall set their motion for hearing on the earliest possible available hearing date consistent with Local Bankruptcy Rule 9014-1(f)(1) (as amended 12/23/02). If the debtor fails to meet either deadline, the case will be dismissed on the trustee's ex parte application.

Dated: 26 Aug 2005

By the Court

Michael S. McManus, Chief Judge
United States Bankruptcy Court

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Office of the US Trustee
501 I St. Ste 7-500
Sacramento, CA 95814

Ann Friend
PO Box 830
Modesto, CA 95353-0830

David Johnston
1020 15th St #10
Modesto, CA 95354-1132

Robert Beitsayad
1605 Woodcrest Way
Modesto, CA 95355

Shamiran Beitsayad
1605 Woodcrest Way
Modesto, CA 95355

Russell Greer
PO Box 3051
Modesto, CA 95353-3051

Dated: August 26, 2005

/s/ Susan C. Cox
Susan C. Cox
Judicial Assistant to Judge McManus